

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUN 1 8 2020

JAMES N. HATTEN/Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

Docket No.: **1:20-CV-2581**

T. MUELLER,

*Plaintiff.*

-against-

EBAY, INC., a Delaware Corporation; and

MARISOL CARDENAS,

*Defendants.*

## *COMPLAINT*
## *WITH JURY DEMAND UNDER*
## *28 U.S.C.A §1332*

1. Plaintiff T. Mueller (hereinafter, "Plaintiff") files this Complaint against EBAY, INC. (hereinafter "EBAY"), and MARISOL CARDENAS[1], (hereinafter CARDENAS)(Collectively, DEFENDANTS), an eBay member, alleging Defendants committed Defamation against Plaintiff, also an eBay member, and that the alleged Defamation by Defendant EBAY is an express violation of its terms and conditions, as contracted with Plaintiff. Plaintiff seeks injunctive relief and damages to the extent provided by law.

---

[1] Defendant CARDENAS is also known as MARISOL RAMIREZ.

## I. THE PARTIES

2.   Plaintiff, an eBay member since 2015, is a statutory resident of New York, and a domiciled resident in the Northern District of Georgia, who has engaged in e-commerce through the eBay marketplace.

3.   Upon information and belief, Defendant EBAY is a Delaware corporation having its principal place of business at 2145 Hamilton Avenue, San Jose, California 95125.  EBAY is one of the world's foremost e-commerce and online marketplaces.

4.   Upon information and belief, Defendant CARDENAS, is an eBay member that has engaged in e-commerce through the eBay marketplace with Plaintiff, and resides at 3609 North Central Drive, Hobbs, New Mexico 88240-1072.

## II.  JURISDICTION AND VENUE

5.   Pursuant to 28 U.S.C. § 1332, this Court has original jurisdiction over Plaintiff's claims based on the parties' diversity of citizenship and because the amount in controversy exceeds $75,000.

6.   This Court has personal jurisdiction over Defendants because, upon information and belief,

a.   Defendant EBAY conducts or has conducted business in the State of Georgia under the eBay name and mark; operates the eBay.com website targeting and selling products to consumers in Georgia and in this District; have sold and shipped products into Georgia; and have agreements with vendors and/or members and suppliers in this district for products that are sold on and through the eBay marketplace; and

b.   Defendant CARDENAS, conducts, or has conducted business in the State of Georgia with Plaintiff under the eBay name and mark, and has had product(s) shipped from Georgia as a result of e-commerce conducted on or through the eBay marketplace platform.

7.  Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391, by reason of the fact that, among other things, many of the events giving rise to this action either arose in Georgia, including within the County of Fulton, or otherwise affected Plaintiff, who conducted business within the same territorial boundaries.

### III.  FACTUAL BACKGROUND

8.  On or about May 17, 2020, Defendant CARDENAS purchased from Plaintiff a NUFACE Trinity Facial Toning machine in the amount of $280.00.  As part of this sale, Plaintiff paid Defendant EBAY a ten-percent commission, or $28.00.

9.  Defendant EBAY allows buyers and sellers to leave feedback on its marketplace website, relating to a specific sale.  Posted feedback on the eBay marketplace website is viewable to any person with access to the internet.

10.   Defendant EBAY has a "Threats and Offensive Language Policy," Exhibit A, which provides, in relevant part, that "***[i]t is strictly prohibited to engage in*** threats of bodily or physical harm or ***any kind of harassment*** using any method including by email, member to member messaging, on our public message boards (such as our discussion boards, groups, and other community areas) or ***within feedback comments*** …. [***and***] [h]ateful, obscene, offensive, profane, racist, sexual, ***defamatory***, or violent ***language cannot be used in*** profiles, user IDs, chat rooms, discussion boards, member communication, eBay Claims, eBay Stores, ***feedback***, listings, product pages, collections, ***[or] any other areas of the site***." (***emphasis added***). Exhibit A

11.  On or about May 27, 2020, Defendant CARDENAS left feedback on Defendant EBAY's marketplace website relating to the sale of the NUFACE TRINITY Facial Toning

3

machine that states, *in toto*, "[t]his man is a criminal!!!! Do not buy from him!!!! He created a fake receipt!!!!" Exhibit B.

12.   On or about May 27, 2020, Plaintiff requested that Defendant CARDENAS remove the defamatory language (but not the negative grade), or otherwise modify her feedback so as not to defame the Plaintiff by calling him a "criminal." This request was made through a mechanism provided by Defendant EBAY through its online marketplace platform. On or about May 28, 2020, Defendant CARDENAS refused to remove the defamatory language from the feedback, or otherwise modify the same. Several subsequent requests were made by Plaintiff to Defendant CARDENAS requesting the removal of the defamatory language, but were similarly denied, or otherwise not acted upon, by Defendant CARDENAS.

13.   On or about May 27, 2020, and on several occasions thereafter, including, but not limited to May, 28, 2020, May 29, 2020, June 1, 2020, and June 2, 2020, Plaintiff submitted written complaints, using the eBay marketplace platform,  to Defendant EBAY alleging that the feedback left by Defendant CARDENAS calling Plaintiff a "criminal" was defamatory and expressly prohibited by, and violative of, Defendant EBAY's "Threats and Offensive Language Policy", Para. 9, supra, and requested its immediate removal. See, Exhibits 3 thru 6.

14.   In each response to Plaintiff's written complaints referenced in Paragraph 12, supra., Defendant EBAY refused to remove the defamatory language, indicating in different responses that the language used by Defendant CARDENAS, in sum, either (a) "doesn't qualify for removal … [and] we won't remove feedback on the grounds that a seller believes a comment is untrue or undeserved"; or (b) that "[w]hile we discourage the use of inflammatory language such as criminal, it doesn't qualify to have the feedback removed." See, Exhibits 7 thru 12.

4

15. As of the submission of this Complaint for filing, Defendants EBAY and CARDENAS have refused to remove the defamatory language on the eBay marketplace platform calling Plaintiff a "criminal," and the defamatory language remains viewable to any and all individuals with access to the internet.

16. Plaintiff asserts that Defendant CARDENAS' reference to Plaintiff as being a criminal is Defamatory *per se,* and violates, *inter alia*, Defendant EBAY's express policy prohibiting such language on any areas of its marketplace platform, on which Plaintiff has reasonably relied upon as part of Defendant EBAY's contractual obligations with Plaintiff.

17. Plaintiff asserts that Defendant EBAY, by allowing Defendant CARDENAS to post defamatory content on its marketplace platform calling Plaintiff a "criminal," and by further refusing to take any remedial actions to remove the defamatory content, contrary to Defendant EBAY's express policy prohibiting the use of the same, shares the same culpability as Defendant CARDENAS in defaming Plaintiff.

## IV. CAUSE OF ACTION – DEFAMATION

18. Plaintiff restates and re-alleges each and every allegation set forth in Paragraphs 1 through 17 above, as if fully set forth herein.

19. On or about May 17, 2020, Defendant CARDENAS made declarations on a public platform viewable to any individual with access to the internet, indicating that Plaintiff was engaging in criminal activity. Defendant CARDENAS' declaration was made in writing and posted on Defendant EBAY's e-commerce marketplace platform with the intent that it be widely disseminated and read throughout the eBay community and, more specifically by any prospective persons contemplating doing business with Plaintiff.

20. It was reasonably understood by those who read Defendant CARDENAS' defamatory statement that it was about Plaintiff.

21. Both on its face, and because  Defendant EBAY allowed the defamatory declaration to remain on its website,  it was reasonably understood that both Defendant CARDENAS and Defendant EBAY meant to convey to any person reading DEFENDANT CARDENAS' feedback, that Plaintiff is a "criminal,"  someone who should not be trusted, and that prospective buyer's should "not buy from [Plaintiff]."  Defendant CARDENAS statement, and Defendant EBAY's countenance of the same, exposed Plaintiff to contempt, ridicule, and shame, and discouraged others from associating or dealing with him professionally.

22. Defendant CARDENAS' defamatory statement was false.

23. Defendant CARDENAS' made the statement knowing it was false, or otherwise had no independent or verifiable information that would legally support the truth of the statements.  Defendant EBAY is equally culpable in making the defamatory comments by allowing it to remain on its e-commerce marketplace website, despite Plaintiff's repeated complaints to Defendant EBAY to have it removed, and in further violation of Defendant EBAY's "Threat and Offensive Language Policy."

24. As a result of Defendant CARDENAS' and Defendant EBAY's conduct, Plaintiff has suffered damages in an amount to be proven at trial according to proof, including but not limited to, harm to Plaintiff's personal and business reputation, Plaintiff's economic business income, emotional harm, and exposure to contempt.  In making the defamatory statement identified above, Defendant CARDENAS and Defendant EBAY acted intentionally and/or consciously, in violation of, *inter alia*, Defendant EBAY's written policy prohibiting the use of defamatory language anywhere on its e-commerce marketplace website.  As such, both Defendant CARDENAS and Defendant EBAY are responsible for punitive damages in an amount to be proven at trial according to proof.

### V.  JURY DEMAND

25. Plaintiff demands a trial by jury on all causes so triable.

## VI. PRAYER FOR RELIEF

26. WHEREFORE, Plaintiff prays for judgment against DEFENDANTS, and each of them, declaring that Defamation per se, was committed against Plaintiff in the feedback left by Defendant Cardenas calling Plaintiff a "criminal." Plaintiff further prays that DEFENDANTS, and each of them, be cited to appear and answer herein, and that DEFENDANTS be ordered to provide: (a) For damages in an amount of not less than $100,000, to be proven at trial; (b) For punitive damages in an amount to be determined at trial; (c) For pre-judgment and post-judgment interest; (d) For costs of suit; and (e) For such other and further relief as the Court may deem just and proper.

DATED:   June 18, 2020

Respectfully submitted,

T. Mueller
Plaintiff, *pro se*

7